Martin, J.
delivered the opinion of the court. The defendant and appellee insists on the dismissal of the appeal, on the ground of its having been prematurely taken, (i. e. before the final judgment was given) on the award of a new trial, the district court having been of opinion, that the verdict was contrary to evidence, and the damages excessive.
The counsel for the plaintiff and appellant urges, that the action was grounded on a tort, and there had been two verdicts against the defendant, and that the plaintiff is without *537 remedy, unless this court interferes, and he will be driven to the necessity of dismissing his suit and instituting it in the parish court; that as this court, has sustained appeals from refusal of a new trial, there cannot be any doubt of its authority, and consequent duty, of revising decisions by which a new trial is granted.
East'n District.
Jan. 1823.
The case of a court so obstinately persisting in setting aside a verdict, as to drive suitors out of it, is, we trust, a barely possible one; but neither the constitution nor the laws have vested us with the power of remedying it.
It is true, the constitution has vested the supreme court with the power of revising judgments and decisions, in civil cases, of a certain value; but the legislature has given the appeal from judgments only, and this court has declared it considered as such, not only the judgments which put an end to the suit, in the inferior court, but all others (given in the course of proceedings) that work an irreparable injury.
In a case by attachment, the judgment, which dissolves the attachment and loosens the property attached, is of the latter kind, *538 and the party injured may appeal from it, because it is important for him to prevent its being carried into immediate effect, in the only way which the law allows, i. e. by an appeal; for were he to wait for the conclusion of the suit, and then appeal, the property attached would no longer be susceptible of being made answerable to him, if the supreme court were of opinion that the inferior court erred in discharging it.
In all cases, in which the like irreparable injury does not result from any other than a final judgment, the party is bound to wait till the case has been completely acted upon by the inferior court; because, this court may give him complete relief, in the ordinary course of the suit, when the case comes up, and it is not unlikely that the final issue of the suit in the inferior court, as may render it unnecessary to pray an appeal.
So in the present case, if, as the appellant urges, the new trial was improperly awarded, and the error is remediable here, we may likely give relief, by giving that judgment which, in our opinion, the district court ought to have given as the first or any subsequent verdict.
The plaintiff, therefore, ought to have de *539 layed his appeal in this case, till there was a final judgment.
Denis for the plaintiff, Preston for the defendant.
If it be true, that the plaintiff needs the interference of a superior court to prevent injustice by the improper delay of the district court, to give final judgment, or by too easily awarding new trials, we cannot come to his aid, for this tribunal has not been erected into a court to quicken or direct the conduct of other judges.
It is therefore ordered, adjudged and decreed, that the appeal be dismissed with costs, and the cause remanded with directions to the district court to proceed therein; the costs of the appeal to be borne by the plaintiff and appellant.